## A02A1604. HEATH v. THE STATE.
(601 SE2d 758)

BLACKBURN, Presiding Judge.

In *State v. Heath*,[1] our Supreme Court, in its review of this ineffective assistance of counsel claim arising out of a guilty plea in a criminal conviction, held that we had erred in presuming prejudice to the defendant based on the lack of representation provided by his attorney. It held that the facts of this case required a showing of prejudice. In its limited ruling, the Supreme Court reversed our holding[2] that Heath's legal representation was so lacking, that he was entitled to a presumption of prejudice, and remanded the case to this court for consideration under the standard enunciated in *Hill v. Lockhart*.[3]

---

[1] *State v. Heath*, 277 Ga. 337 (588 SE2d 738) (2003).
[2] *Heath v. State*, 258 Ga. App. 612 (574 SE2d 852) (2002).
[3] *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985).

*Hill,* supra, provides generally for the review of claims of ineffective assistance of counsel involving withdrawal of guilty pleas. It basically requires the application of the standard of *Strickland v. Washington*[4] and its companion case, *United States v. Cronic.*[5] *Hill* provides that the prejudice component in those cases to which it would apply, may be satisfied by showing "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The right to representation by counsel in criminal cases, unless waived, was established in *Gideon v. Wainwright.*[6] *Gideon* provided that "[t]he right of an indigent defendant in a criminal trial to have the assistance of counsel is a fundamental right essential to a fair trial, and petitioner's trial and conviction without the assistance of counsel violated the Fourteenth Amendment." Id. No showing of prejudice is required of a defendant who has been denied assistance of counsel in order to prevail under *Gideon.* As the United States Supreme Court stated in *Hamilton v. Alabama,*[7] "[w]hen one pleads to a [criminal] charge without benefit of counsel, we do not stop to determine whether prejudice resulted." Id. at 55.

*Strickland* and its progeny apply only in those cases which meet the basic requirements of *Gideon,* that is, where the defendant has been provided generally adequate assistance of counsel, but allegations of particular failures are made. Where a defendant can show a violation of *Gideon,* he is generally entitled to relief, and has no obligation to then satisfy *Strickland.* This fact is recognized in both *Strickland* and *Cronic,* which excuse the showing of prejudice under certain circumstances. Basically, each provides that where counsel's representation does not reach a certain level of competence, prejudice to the defendant may be presumed. If this were not so, a defendant whose assigned attorney directly acted against his interest would be required to show prejudice, while Gideon, who was simply unrepresented would not have to do so. *Gideon* envisions *representation* by counsel for the benefit of indigent defendants by advocates in an adversarial environment.

The *Strickland* standard is a two-part deficient performance and prejudice test which the defendant must generally meet, where applicable. *Strickland,* supra, provides three instances in which the defendant would be relieved of his burden to establish prejudice

---

[4] *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] *United States v. Cronic,* 466 U. S. 648 (104 SC 2039, 80 LE2d 657) (1984).

[6] *Gideon v. Wainwright,* 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963).

[7] *Hamilton v. Alabama,* 368 U. S. 52 (82 SC 157, 7 LE2d 114) (1961).

stemming from counsel's errors: (1) an actual or constructive denial of counsel; (2) government interference with defense counsel; and (3) counsel that labors under an actual conflict of interest that adversely affects his performance.

In *Heath v. State*, supra, we determined that the trial court erred in denying Heath's motion to withdraw his guilty plea on the basis of ineffective assistance of counsel. We held that as the representation by Heath's attorney was tantamount to no representation at all, Heath was entitled to a presumption of prejudice under *Cronic*, and reversed, for the reasons outlined in the opinion, partially described here.

We found that:

> Shwiller[, Heath's trial counsel,] wholly failed to prepare and investigate Heath's case. "(C)ounsel's 'overarching duty' is 'to advocate the defendant's cause.'" *Jowers v. State*,[8] citing *Strickland*, supra at 688.... Although Heath had no memory of the collision at issue, he informed Shwiller that his co-worker may have been driving the truck that caused the collision. Shwiller was given the witness's name and informed that he could possibly be found in Indiana. Heath's niece testified that when she telephoned Shwiller to report the existence of the witness, "he told me that he had so many cases on his load, that if he looked into every nook and cranny that there was to this case, that he would never get anything done, and that my uncle was nothing but a drunk, ... and that his only option . . . was to say that he was guilty." In fact, Shwiller testified, he "did absolutely nothing to investigate" the witness. [Shwiller testified that although he had represented 300 indigent defendants in Paulding County, none had been tried before a jury, and he had never petitioned the court for funds to hire a private investigator.] Not only did Shwiller refuse to investigate the witness, he argued to the court immediately prior to the pronouncement of sentence that Heath had in fact been driving the vehicle: There's nothing I can say to excuse what Mr. Heath has done. There's no good spin that I can put on it. He consumed a great deal of alcohol, he drove on Georgia's road and caused a terrible tragedy.... No drunk driver ever means to hurt anybody. But unfortunately he got on Georgia's roads and ended up injuring some people, and it's just a terrible, terrible shame. [We are [concerned with] Shwiller's [statement] to the court that

---

[8] *Jowers v. State*, 260 Ga. 459, 462 (2) (396 SE2d 891) (1990).

he did not "have the stomach" to review . . . victim impact evidence.] Other aspects of Shwiller's performance are equally deficient. On cross-examination during the hearing on the motion to withdraw the plea, Shwiller admitted that he could not recall the elements of the offense of serious injury by vehicle, OCGA § 40-6-394; that he conducted no research to determine whether the victims' injuries fit within the statutory definition of "serious"; and that in advising Heath to plead guilty, he reasoned that a jury would not "hassle over the exact lettering of the words" of the statute. Finally, Shwiller admitted that he never consulted with Heath in person during the 13 months between arraignment and the entry of the plea.

*Heath v. State*, supra at 615.

Shwiller failed to investigate to determine who was driving, as Heath had no memory of who was driving the company truck at the time of the accident, and so advised his attorney. Heath and his niece advised his attorney that his co-worker, John Kevin Holloway was supposed to have been driving, and he was at the accident scene. Shwiller was also aware that while Heath had a prior history of alcohol-related traffic offenses during the period of 1984, 1985, and 1990, he had not had any such offense in the preceding ten-year period. Shwiller never even talked to the employer of Heath and Holloway or attempted otherwise to locate Holloway. Shwiller never did any investigation of witnesses. During the four years that Shwiller had been representing indigent defendants in the circuit, he had handled approximately 300 cases, and had never had a jury trial for any of them, and had never even struck a jury in such a case.

Based on the above and the authority of *Strickland* and *Cronic*, this Court reversed the trial court, as previously described. Our Supreme Court, however, reversed this decision, finding that: "Because Heath's claims do not rise to the level of a constructive denial of counsel, we conclude that the Court of Appeals erred in applying a presumption of prejudice." *State v. Heath*, supra at 339.[9] Thus, here,

---

[9] In reaching this conclusion, our Supreme Court relied mainly on cases in which an otherwise effective attorney committed only one or two acts of neglect. In this case, however, Heath's attorney committed *many* acts evincing his completely ineffective assistance, not just one error which is often, in isolation, reviewed for prejudice without triggering a presumption. Here, Heath's attorney did not even know the requirements to prove the crime to which he advised his client to plead guilty. Moreover, unlike any of the cases cited by our Supreme Court, Heath's attorney acted adversely to his client's interests, declaring him guilty without investigating his client's alibi or having any knowledge of the elements of the crime with which his client was charged.

Heath is required to show *actual* prejudice resulting from his counsel's deficiencies, and he must prove that, but for such deficiencies, he would not have pled guilty.

Our Supreme Court mandated:

> In *Hill v. Lockhart*, [supra,] the United States Supreme Court established the test for reviewing claims of ineffective assistance of counsel in the context of a guilty plea. The Court held that a defendant who pleads guilty and who seeks to overturn his conviction because of counsel's errors must meet the now familiar two-part test of *Strickland v. Washington*[, supra] — deficient performance and prejudice. The analysis of counsel's performance is similar whether in the context of a trial or a guilty plea. The prejudice component in the context of a guilty plea, however, is met by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*State v. Heath*, supra at 338.

In accordance with our Supreme Court's ruling, the question now before this Court is whether Heath has shown that he was actually prejudiced by having an attorney who, despite his knowledge of his client's potential defense and his wholesale lack of knowledge of the prerequisites for the crime with which his client was charged, assumed the guilt of his client and stated in open court that the acts of his client were vile and reprehensible. We hold that Heath has shown such prejudice.

In reaching this conclusion, our analysis must begin with *Gideon*, in which the United States Supreme Court determined that, pursuant to the Sixth Amendment and the Fourteenth Amendment, an indigent defendant in a state court has an absolute right to have appointed counsel. As set forth by the United States Supreme Court in this landmark case:

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise

inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.

(Punctuation omitted.) Id. at 344-345.

As the *Gideon* Court points out, a defendant is entitled to the *guiding* hand of counsel acting on his benefit at every step in the proceedings. In this case, Heath's attorney provided him no real guidance at all.

In *Strickland,* supra, the United States Supreme Court explained:

[A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled.

(Punctuation omitted.) Id. at 685.

The United States Supreme Court further noted:

In giving meaning to the requirement, however, we must take its purpose — to ensure a fair trial — as the guide. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland,* supra at 686. The purpose of the Sixth Amendment guarantee to effective assistance "is simply to ensure that criminal defendants receive a fair trial." Id. at 689.

To protect the guarantee of a fair trial, the United States Supreme Court, in turn, established a two-part inquiry to determine whether ineffective assistance of counsel had been rendered in any given case.

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the

"counsel" guaranteed . . . by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, supra at 687.

In addition, the United States Supreme Court pointed out that, in some cases, prejudice could be presumed, including those instances in which there has been an "[a]ctual or constructive denial of the assistance of counsel altogether." *Strickland*, supra at 692. This sentiment was also reflected in *Cronic*, in which the Court stated:

[T]he adversarial process protected by the Sixth Amendment requires that the accused have counsel acting in the role of an advocate. The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted — even if defense counsel may have made demonstrable errors — the kind of testing envisioned by the Sixth Amendment has occurred. But if the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated.

(Citation, punctuation and footnotes omitted.) Id. at 656-657. The Supreme Court also concluded: "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." Id. at 659.

We are guided by the precepts of *Strickland* and *Cronic* in applying the required actual prejudice test to the facts now before us. The record makes it clear that Heath's attorney did nothing to preserve a meaningful adversarial atmosphere, and condemned and vilified his own client before the court. The record supports Heath's contention that he was actually prejudiced by his attorney's deficiencies, such that, if not for such deficiencies, he would not have pled guilty.

In *Heyward v. Humphrey*,[10] the defendant, acting pro se, pled guilty to several crimes and, sometime thereafter, filed a writ of habeas corpus in which he argued that the pleas were not knowingly

---

[10] *Heyward v. Humphrey*, 277 Ga. 565 (592 SE2d 660) (2004).

entered due to ineffective assistance of counsel. In *Heyward*, our Supreme Court found:

> Heyward asserts that other than negotiating the plea bargain, [his trial attorney] failed to do anything to ensure a meaningful adversarial process, thereby resulting in the constructive denial of counsel. While a constructive denial of counsel will relieve a defendant of the burden of establishing prejudice stemming from counsel's errors, any presumption of prejudice in this case is unnecessary because Heyward has demonstrated prejudice. *State v. Heath*, supra. The evidence of record supports a finding that there is the reasonable probability that, had Heyward been advised of the serious problems with the State's case against him, including the existence of the potentially exculpatory witness, he would have insisted on going to trial. Id. Thus, the habeas court erred in finding that Heyward had failed to satisfy either prong of *Strickland*. Accordingly, its judgment cannot stand.

Id. at 570.

Likewise, in this case, the record of evidence supports a finding that there is a reasonable probability that, had the case been investigated, and a determination made that in fact Holloway had been driving, Heath, who did not know who had been driving, would have insisted on going to trial especially when coupled with the fact that the evidence did not suit the elements of the crime as to some of the charges. It is reasonable to expect a defendant's attorney to conduct an investigation to determine the facts upon which all future decisions would be made. This is especially true where the defendant, because of trauma, has no memory of the event. Under such a circumstance, a lawyer is duty-bound to investigate so that he can properly advise his client. This showing satisfies the prejudice showing as provided in *Hill v. Lockhart*, supra. Given that our Supreme Court left undisturbed our finding that "[t]he record is replete with evidence of the total lack of any meaningful assistance provided to Heath by Shwiller," the record clearly satisfies the deficient performance prong of *Strickland. Heath v. State*, supra at 615. As such, the trial court's denial of Heath's motion to withdraw his guilty plea must be reversed.

*Judgment reversed. Smith, C. J., Andrews, P. J., Johnson, P. J., Miller, Phipps and Mikell, JJ., concur.*

DECIDED JULY 1, 2004.

*Gary W. Jones, Stephen B. Bright, Alexander T. Rundlet*, for appellant.

*James R. Osborne, District Attorney, Aaron S. Henrickson, Assistant District Attorney*, for appellee.