## A08A0718. FRANKLIN v. THE STATE.
### (661 SE2d 870)

MIKELL, Judge.

Omesimus Franklin was indicted on charges of trafficking in cocaine (Count 1) and possession of tools for commission of a crime (Count 2) by a Chatham County grand jury.[1] Because the amount of cocaine in Franklin's possession was less than 28 grams, the state

---

[1] Franklin was arrested after he admitted to ownership of cocaine and a scale that was found in the residence of a female friend. According to Franklin's scale at the scene of the arrest, the cocaine weighed approximately 34 grams. When the cocaine was measured later at the Georgia Bureau of Investigation crime lab, it weighed almost 28 grams. In a separate

reduced the trafficking charge to possession of cocaine with intent to distribute as a lesser included offense of trafficking, and Franklin pleaded guilty to both counts of the indictment. The court sentenced Franklin as follows: fifteen years on Count 1, with seven years to serve in prison and the remainder on probation; and five years on Count 2 to run consecutively to Count 1. Franklin filed a motion to withdraw his guilty plea, arguing that his plea was not knowingly and voluntarily entered because his trial counsel did not explain the reduction in the charge on the indictment. The trial court denied the motion.

On appeal, Franklin maintains that his plea was not knowingly, intelligently, and voluntarily entered because he was denied effective assistance of counsel. It is well settled that "after sentence is pronounced, as here, permission to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and the court's discretion will not be disturbed unless that discretion is manifestly abused."[2] We find no such abuse of discretion here.

> When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.[3]

a. In this case, the record supports the trial court's conclusion that Franklin's plea was offered knowingly, intelligently, and voluntarily. The trial court determined that Franklin could hear and understand the court's questions and was not under the influence of any substance that could impair his understanding. The trial court explained the maximum sentences on both offenses charged in the indictment and informed Franklin that no sentencing recommendation had been made to the court. The trial court informed Franklin of the rights he was waiving by pleading guilty, including his right to remain silent, to trial by jury, to subpoena and confront witnesses, to present defenses and other mitigating factors, to hear evidence

---

indictment, not at issue here, the state then charged Franklin with possession with intent to distribute and tools for the commission of a crime, but that indictment was nolle prossed.

[2] (Citations omitted.) *Dalton v. State*, 244 Ga. App. 203, 205-206 (2) (534 SE2d 523) (2000). See also *England v. State*, 232 Ga. App. 842 (1) (502 SE2d 770) (1998).

[3] (Footnote omitted.) *Frost v. State*, 286 Ga. App. 694 (649 SE2d 878) (2007). See also *Hill v. State*, 267 Ga. App. 357-358 (599 SE2d 307) (2004).

against him; and to be represented by counsel at trial. The trial court informed Franklin that he would no longer be presumed innocent and was waiving his privilege against self-incrimination. Franklin was repeatedly asked if he had sufficient time to discuss all matters with his attorney, and he answered affirmatively. Also in response to questioning from the court, Franklin indicated that he was satisfied with the services of his attorney, and he denied that anyone had threatened him or promised him anything to influence his plea. Franklin then pled guilty, and the trial court concluded that his pleas were intelligently, knowingly, and voluntarily given. After the plea was entered, the trial court again asked Franklin if he understood everything and whether he had any questions. Franklin responded that he understood and had no questions. Based on the record, therefore, we conclude that the state met its burden of showing that the defendant offered his plea knowingly, intelligently, and voluntarily, and the trial court did not abuse its discretion when it denied Franklin's motion to withdraw his guilty plea.[4]

b. Although the arguments are intertwined, Franklin asserts separately that his motion should have been granted because his counsel was ineffective, which he argued below at the motion to withdraw hearing without notice to the state. Franklin contends that trial counsel did not explain to him that the state was incapable of meeting its burden on the trafficking charge and that the reduction in charges was not part of an agreement with the state, causing Franklin to believe that the reduced charges were a part of a negotiated plea agreement. Franklin does not clearly set forth how this alleged deficiency in trial counsel's performance caused him harm, and we find none.

Even though trial counsel did not testify to refute Franklin's claims, the record nonetheless supports the trial court's finding that Franklin was aware of the circumstances surrounding his plea. The state clearly set forth the fact that the trafficking charge had been reduced to possession with intent to distribute and the reason therefor. The court repeatedly informed Franklin that no sentencing recommendation had been made in his case, reminded Franklin that he had no idea of what his sentence would be as the court would decide the sentence, and explained to Franklin the consequences of his request to be sentenced as a first offender. Therefore, even if Franklin thought there was a negotiated plea before the hearing, the trial court's statements during the hearing made it clear that there was no negotiated plea, and Franklin repeatedly indicated that he understood those statements.

---

[4] See *Rios v. State*, 281 Ga. 181, 183 (4) (637 SE2d 20) (2006).

As stated earlier, in order to withdraw a guilty plea based on counsel's ineffectiveness, Franklin must show that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.[5] Even if we were to assume that trial counsel's performance was in some manner deficient, Franklin cannot prove that he would have insisted on a trial. Franklin testified at the hearing that he informed his trial counsel that he would take a plea if the trafficking charge were reduced. Franklin achieved the result he sought, i.e., the reduction of the trafficking charge. Therefore, Franklin's ineffectiveness claim fails.

In sum, because the transcript of Franklin's plea establishes clearly that it was entered voluntarily, and that he fully understood what he was doing at the time he pleaded guilty,[6] we affirm the trial court's denial of Franklin's motion to withdraw his plea.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 23, 2008.

*Jennifer R. Burns, Gabrielle A. Pittman*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ian R. Heap, Jr., Assistant District Attorney*, for appellee.

---

[5] See *Whitesides v. State*, 266 Ga. App. 181, 188-189 (4) (596 SE2d 706) (2004) (record showed that the defendant sufficiently understood the plea agreement despite his protestations that counsel did not give him adequate advice).

[6] See *Thornton v. State*, 180 Ga. App. 274, 275 (349 SE2d 23) (1986).