### A10A1371. PATTILLO v. THE STATE.
(696 SE2d 370)

BLACKBURN, Judge.

Within days after the trial court sentenced Terry Pattillo on his guilty plea to burglary,[1] theft by receiving,[2] and two counts of possession of a firearm by a convicted felon,[3] Pattillo moved to withdraw the guilty plea, arguing that he had received ineffective assistance of counsel. The court denied this motion, which Pattillo appeals. Because some evidence supported the trial court's finding that Pattillo did not carry his burden of showing ineffective assistance, we affirm.

After a jury had been selected to try Pattillo on the referenced charges, he announced he wished to plead guilty. During the guilty plea hearing, the State set forth the factual basis for the plea, explaining that the evidence would show that (i) Pattillo's DNA was at a house that had been burglarized, (ii) he had tried to sell the guns stolen from that house, (iii) he had been in possession of a shotgun that had earlier been stolen from another residence (which shotgun he sold at a flea market), and (iv) Pattillo was a convicted felon. Admitting that he had indeed engaged in the described acts, Pattillo pled guilty to the charges of burglary, theft by receiving, and possession of a firearm by a convicted felon. He was sentenced accordingly.

Within the same term of court, Pattillo moved to withdraw his guilty plea, asserting that he had received ineffective assistance of counsel. Following an evidentiary hearing on the matter, the court found that, based on trial counsel's testimony (which the court found more credible than Pattillo's self-serving testimony), Pattillo had not carried his burden of showing ineffective assistance of counsel. Accordingly, the court denied Pattillo's motion to withdraw his guilty plea, giving rise to this appeal.

"It is well settled that after sentence is pronounced, as here, permission to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and the court's discretion will not be disturbed unless that discretion is manifestly abused." (Punctuation

---

[1] OCGA § 16-7-1 (a).
[2] OCGA § 16-8-7 (a).
[3] OCGA § 16-11-131 (b).

omitted.) *Franklin v. State*.[4] *Franklin* explained further that "if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial." (Punctuation omitted.) Id. We hold that evidence supports the trial court's findings that Pattillo did not carry his burden of showing ineffective assistance. We address each claim of ineffective assistance below.

First, Pattillo asserts that his counsel failed to properly prepare for trial in that counsel did not meet sufficiently with Pattillo. However, the evidence showed that counsel met with Pattillo more than five times, including three times at the jail and a few times at the courthouse.

> [Pattillo's] claim that counsel spent inadequate time conferring with him is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client. Moreover, [Pattillo] has failed to demonstrate how additional time with counsel would have changed the outcome of his case.

(Citation and punctuation omitted.) *Ruffin v. State*.[5] Accordingly, evidence supported the trial court's finding that Pattillo failed to show ineffective assistance in this regard.

Second, Pattillo argues that his trial counsel failed to interview potential alibi witnesses, whom Pattillo claims he identified to counsel. But counsel testified that the only witness Pattillo identified to counsel was Pattillo's sister, who was deceased. Despite Pattillo's testimony that he identified a second alibi witness to counsel, the trial court had every right to disbelieve this self-serving testimony in favor of counsel's testimony. See *Burdette v. State*[6] (court may believe trial counsel's testimony over that of defendant). See generally *Tate v. State*[7] ("[t]he trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony"). Compare *Heath v. State*[8] (counsel refused to interview the person whom his client — accused of committing serious injury by vehicle — and others indisputably identified to counsel as the driver of the vehicle).

Third, Pattillo contends that his counsel failed to adequately

---

[4] *Franklin v. State*, 291 Ga. App. 267, 268 (661 SE2d 870) (2008).
[5] *Ruffin v. State*, 283 Ga. 87, 91 (12) (d) (656 SE2d 140) (2008).
[6] *Burdette v. State*, 276 Ga. App. 695, 700 (3) (624 SE2d 253) (2005).
[7] *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).
[8] *Heath v. State*, 268 Ga. App. 235, 238 (601 SE2d 758) (2004).

instruct Pattillo on the nature of the "non-negotiated" plea he was entering. Yet the record reflects that during plea negotiations, Pattillo agreed to the sentence that the State recommended *and that the court entered*, which agreement Pattillo reaffirmed to the court before the court passed sentence. In other words, Pattillo received exactly what he negotiated for, and thus we can discern no prejudice to Pattillo.[9]

Fourth, Pattillo asserts that he had requested that his trial counsel no longer represent him, which request the court did not address. But the record shows not only that Pattillo had withdrawn this request, but that Pattillo told the court in a pre-trial hearing he had no issues to bring before the court, and that Pattillo assured the court at the guilty plea hearing that he was satisfied with counsel's representation.

Finally, Pattillo claims that his counsel provided him with a clothing suit that was too large, making him feel less confident in proceeding with a jury trial. The record belies this claim, as his counsel carefully took measurements and let Pattillo try on various suits to ensure he wore a properly fitted one.

Ample evidence sustained the trial court's findings that supported its conclusion that Pattillo failed to carry his burden of showing ineffective assistance of counsel. Accordingly, the trial court did not abuse its discretion in denying Pattillo's motion to withdraw guilty plea.

*Judgment affirmed. Barnes, P. J., and Bernes, J., concur.*

DECIDED JUNE 7, 2010.

*Ninfo, Coxen & Worthington, Stephen L. Coxen*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Layla H. Zon, Assistant District Attorney*, for appellee.

---

[9] The court explained that although the plea and sentence had been negotiated, it would consider the plea as "non-negotiated" because Pattillo had already announced "ready" for trial and a jury had been selected.