A11A0676. LOPEZ v. THE STATE.
(711 SE2d 345)

BARNES, Presiding Judge.

Silverio Lopez appeals the trial court's denial of his motion to withdraw his guilty plea, contending his trial counsel was ineffective in advising him regarding the effect of the plea on his immigration status. For the reasons that follow, we affirm.

In August 2010, Lopez entered into a negotiated guilty plea to driving under the influence, endangering a child by driving under the influence, driving without a license, giving a false name, and felony cruelty to children. He was sentenced to ten years, the first one to be served in confinement. During the plea hearing, trial counsel noted that Lopez had recently pled guilty and been sentenced for two previous DUI charges, and asked that he be required to undergo only one series of evaluation and risk reduction classes. Counsel also noted that Lopez had an "immigration hold on him," and that once this case was adjudicated "he would be subject to being deported and returned back to Mexico." The State presented the

factual basis for the plea, which was that officers saw Lopez run two stop signs, drive 60 mph in a 40-mph zone, make an erratic turn, and stop in a parking lot. When the officers approached the car, they found Lopez's eight-month-old daughter face-down on the front passenger-side floorboard, screaming and apparently in pain. The tag on Lopez's truck was registered to another vehicle, he had no drivers' license, and he told the officers his name was Juan Carlos Cruz. Lopez had a strong odor of alcohol on his breath and admitted he had drunk 12 beers. A subsequent breath test revealed a blood-alcohol level of 0.182.

In response to the State's questioning during the plea hearing, Lopez admitted he was in fact guilty of the charged offenses, that he was a citizen of Mexico, and that he knew that if he pled guilty he would likely be deported from this country. When the trial court asked if he had anything to say, he responded, "Just that you please forgive me for what I did." The trial court found a factual basis for the guilty plea and that it had been freely, voluntarily, knowingly, and intelligently tendered, and accepted the plea and sentence recommendation of ten years to serve one in custody. The court noted that if Lopez was released from custody and not deported, he had to report to his probation officer and follow all the rules and conditions of his probation.

The next month, within the same term of court, Lopez moved to withdraw his plea, arguing that it was involuntary because he entered it in reliance on incorrect advice from his trial counsel, who allegedly told him that if he pled guilty he would be deported immediately without serving any more time in jail.

During the hearing on his motion to withdraw the plea, Lopez's trial counsel testified that Lopez had admitted he was in the United States illegally. Lopez had a federal government immigration offense pending against him as well as these Gwinnett County charges, and was "under an INS hold."[1] Therefore, trial counsel testified, he knew Lopez would be deported eventually if he were convicted of a crime in Gwinnett, whether a felony or a misdemeanor, but denied telling him he would be deported immediately if he pled guilty to the charges against him. Rather, trial counsel testified, he told Lopez more than once, "I have no idea as to how long of any sentence you may serve before INS receives you. That is up to the Immigration [and] Naturalization Service. . . ."

Lopez testified that he first learned the specifics of the plea deal

---

[1] The criminal investigation resources of the federal agency formerly known as the Immigration and Naturalization Service (INS) are now part of the agency known as U. S. Immigration and Customs Enforcement (ICE), organized under the Department of Homeland Security.

from the trial court, because beforehand his trial counsel simply told him to "go with guilty," and [counsel] had everything arranged." He said he was told immigration would pick him up about 15 days after he pled guilty. Lopez said he thought he would be sentenced to time served and then allowed to leave. He said he did not understand he would have to serve a prison sentence, and that if he had known, he would not have pled guilty. When asked what he would have done other than plead guilty, Lopez said he would have waited longer and given his attorney time to explain things to him. On cross-examination, Lopez admitted that the prosecutor informed him at the plea hearing that entering a guilty plea would affect his immigration status, and that he knew an immigration hold had been placed on him.

The trial court found that Lopez was not a credible witness. For one thing, Lopez testified at the motion hearing that his real name was Cinforiano Ramirez, and that he had told the court at the plea hearing that his "real, true, correct name" was Cinforiano Ramirez, but at the plea hearing he said his real name was Silverio Lopez. The trial court did not believe that Lopez's trial counsel told him he would be deported within 15 days of entering his plea, noting that it would be reckless for a lawyer to tell his client when the federal government would deport him, because immigration officials changed their policy on a month-to-month basis; the court said that people were deported sometimes pre-trial, sometimes post-trial, sometimes within a week, sometimes years after they go into the State prison system, and sometimes never and they just get out of jail. The trial court denied the motion to withdraw the plea, finding that Lopez had been adequately informed of the possible deportation consequences of entering a guilty plea, and that his plea had been "entered freely and voluntarily with an intelligent understanding of the rights he was waiving."

1. The decision regarding whether a guilty plea may be withdrawn lies within the sound discretion of the trial court. *Franklin v. State*, 291 Ga. App. 267, 268 (661 SE2d 870) (2008). When the request to withdraw a plea is based on ineffective assistance of counsel, the defendant must show both that trial counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that, but for counsel's errors, he would not have pled guilty but insisted on going to trial. *Tarwater v. State*, 259 Ga. 516, 517-518 (383 SE2d 883) (1989). The trial court is authorized to determine the credibility of witnesses at the hearing on the motion to withdraw, and the court's factual findings will be upheld unless they are clearly erroneous. *Johnson v. State*, 260 Ga. App. 897, 900 (2) (581 SE2d 407) (2003).

On appeal, Lopez argues that his trial counsel was per se

ineffective in failing "to specifically investigate the immigration consequences" of Lopez's plea to a felony. He also contends that "evidence stands uncontradicted in the record" that had he known he would have to serve a year in jail, "he would never have entered the plea."

Lopez does not dispute that he was told that a guilty plea would subject him to deportation. In addition to claiming his attorney told him incorrectly that he would be deported immediately after he entered his plea, he argues that his attorney's failure to investigate and determine the specific consequences of the plea was per se ineffective. In *Padilla v. Kentucky*, ___ U. S. ___ (130 SC 1473, 176 LE2d 284) (2010), the Supreme Court held that an attorney who failed to advise his client that he faced automatic deportation if he entered a plea of guilty to drug distribution was not constitutionally competent. Id. at 1482. In that case, the court held that trial counsel's failure to properly advise his client, a legal resident of the United States for 40 years, was objectively unreasonable, and re-manded the case for consideration of the prejudice component of Padilla's ineffective assistance claim. Id. at 1487.

Unlike the situation in *Padilla*, in this case, trial counsel correctly advised Lopez that once he entered his guilty plea, he was subject to being deported to Mexico, as did the State and the trial court during the plea hearing. During the motion hearing, trial counsel testified that he had made it clear to Lopez that counsel did not know when ICE would take physical possession of him and denied telling him that Gwinnett County's participation in a special program with ICE would hasten his deportation. When Lopez's new counsel asked trial counsel if he had tried to determine the specific immigration consequences to Lopez of this guilty plea, trial counsel responded that he had not, because he had not been retained to do so, and Lopez argues that this failure to investigate constituted per se ineffective assistance. We do not agree.

As the United States Supreme Court noted in *Padilla*,

[i]mmigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward, . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.

Id. at 1483.

This is not a case in which a defendant pled guilty without knowing he would be deported as a result. It was clear during the plea hearing that Lopez, his attorney, the State, and the trial court expected that he would be deported sooner or later. Lopez had admitted being here illegally, ICE already had a hold on him, and in addition to the felony child endangerment plea, Lopez was entering his third DUI plea within the past year. Lopez contends his counsel was ineffective for telling him he would be deported before he served his sentence, but the trial court determined that Lopez's testimony in that regard was not credible. Further, the trial court noted during the motion hearing that the court had handled hundreds of similar cases and had "absolutely no idea when or if Immigration Customs will take custody of somebody."

Trial counsel's advice to Lopez did not constitute ineffective assistance of counsel, per se or otherwise. Thus, we find no error in the trial court's denial of Lopez's motion to withdraw his plea.

2. In his second enumeration of error, Lopez challenges the trial court's credibility findings. While Lopez testified that his trial counsel advised him to plead guilty because he would be deported before serving any time in jail, his trial counsel denied giving that advice, and the trial court believed the lawyer over the client.

> As the final arbiter of the facts, the trial court was authorized to reject [Lopez's] self-serving testimony during the hearing on the motion to withdraw the plea and find that he entered it knowingly and voluntarily. Accordingly, the trial court did not abuse its discretion in denying the motion to withdraw the plea.

*Young v. State*, 267 Ga. App. 91, 92 (598 SE2d 840) (2004).

Lopez's assertion that trial counsel's "demeanor and combativeness" during the motion hearing raise questions about his veracity are baseless and unsupported by the record. Lopez also contended that his trial counsel's veracity was suspect because of counsel's "motive to support his hourly indigent defense billing practices" and for other reasons.

> The . . . rules of this court strictly prohibits remarks discourteous to opposing counsel, and [are] applicable no less to written arguments than to oral. The brief of the defendant in error contains references not entirely courteous to opposing counsel, and such expressions should not be found in a brief.

*Stewart v. Hasty*, 77 Ga. App. 524, 529 (2) (48 SE2d 757) (1948)

(decided under Rule 5 of the 1934 Rules); see also Court of Appeals Rule 10.[2]

The trial court's credibility findings were not clearly erroneous, and the denial of the motion to withdraw is affirmed. *Johnson*, 260 Ga. App. at 900.

3. Lopez's final argument is that the trial court improperly discounted Lopez's credibility because it seized on a "tortured . . . interpretation" of an "inartful translation" of Lopez's testimony to conclude that Lopez was not credible. Lopez testified during the motion hearing that he first learned the details of the negotiated plea when the trial court reviewed them in open court, but the trial court noted that the State had discussed the details earlier during the plea hearing. Lopez argues that a fair reading of his testimony is that he meant he first heard the plea details during the court hearing rather than from his lawyer beforehand, and therefore the trial court's credibility finding was clearly erroneous. The trial court had numerous other reasons for finding Lopez's testimony incredible, however, and considering the hearing as a whole, the trial court's credibility finding was not clearly erroneous.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JUNE 2, 2011.

*Corso, Kennedy & Campbell, Arturo Corso*, for appellant.
*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.

---

[2] "Personal remarks, whether oral or written, which are discourteous or disparaging to any judge, opposing counsel, or any court, are strictly forbidden."