## S11A1541. DUVALL v. THE STATE.

(722 SE2d 62)

NAHMIAS, Justice.

Appellant Bilal Duvall appeals his convictions for malice murder and firearm possession in connection with the shooting death of Silas Carter. We affirm.[1]

1. The evidence at trial, viewed in the light most favorable to the verdict, showed the following. Appellant shot and killed the unarmed victim, who had argued with Appellant's brother Ali about drug-selling territory. Four eyewitnesses, three of whom had known Appellant for years, identified him at trial as the shooter. Three other eyewitnesses provided descriptions of the shooter that fit Appellant. The evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). See also *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009) (" 'It was for the jury to determine the credibility of the witnesses

---

[1] The crimes occurred on December 29, 2004. On January 6, 2006, Appellant was indicted in Fulton County for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. On November 5, 2008, the jury convicted Appellant of all charges after a six-day trial. The trial court sentenced Appellant to life in prison for malice murder plus five years consecutive for the firearm conviction; the felony murder conviction was vacated by operation of law, and the aggravated assault conviction merged. On November 6, 2008, Appellant filed a motion for new trial, which he amended on November 29, 2010. After an evidentiary hearing on February 24, 2011, the trial court denied the motion on April 4, 2011. Appellant filed a timely notice of appeal, and the case was docketed in this Court for the September 2011 term and submitted for decision on the briefs.

and to resolve any conflicts or inconsistencies in the evidence.' " (citations omitted)).

2. At trial, three witnesses testified that they knew the Appellant and his brother Ali. Appellant, however, testified to an alleged alibi and denied that he had a brother named Ali. To corroborate his testimony, Appellant called his mother, who testified that she did not have a son named Ali, adding that she did not know anyone by that name. This prompted the prosecutor to ask her on cross-examination if Appellant's father was Muslim. Defense counsel objected based on relevance, and the prosecutor explained that most of the given names of Appellant's siblings "are Muslim names. Ali's name is Muslim. That was the relevance for my question." The trial court ruled, "Okay. And only to that point, otherwise, religion would not be a factor." The prosecutor then asked, "Do most of the male children either their first name or middle name have a Muslim background or culture name?" When Appellant's mother said no, the prosecutor asked the derivation of her son Sahil's name, and she acknowledged, "His, I guess he is a Muslim." The prosecutor then asked what her son Terrance's middle name was, and she replied, "Jamohan."

(a) Appellant challenges this line of questioning as prosecutorial misconduct and also contends that the trial court abused its discretion in failing, sua sponte, to give a curative jury instruction, call a mistrial, or poll the jurors to determine the effect the questioning had on their ability to be fair and impartial. However, these claims were not raised at trial and cannot be raised for the first time on appeal. See *Stephens v. State*, 289 Ga. 758, 763, n. 7 (716 SE2d 154) (2011).

Even if we overlooked Appellant's waiver, however, these claims would fail. It is clear from the record that, in posing the questions at issue, the prosecutor was not attempting to inflame religious or other prejudice. Instead, the prosecutor was pursuing, perhaps inartfully at first, the highly relevant issue of whether Appellant's mother had lied on the witness stand about a material issue in the case, namely, whether Appellant had a brother named Ali. The State had presented evidence that it was a dispute between the victim and Ali that led Appellant to commit the crimes. In fact, one witness testified that Appellant said, "I die for my brother" before pulling a gun and shooting the victim. Indeed, the jury could conclude from this line of questioning that Appellant's mother's testimony was not credible, particularly when coupled with evidence that the police had taken a stolen handgun report from a man who identified himself as "Ali" at Appellant's mother's residence in 2002.

The prosecution did not use religion or Appellant's family names as a significant theme of its case, and after the issue emerged, the court focused the jury on the relevant issue and instructed that,

"otherwise, religion would not be a factor." The prosecutor and the court handled a relevant line of inquiry in a succinct manner and with appropriate sensitivity. There was no prosecutorial misconduct or judicial abuse of discretion.

(b) Appellant claims that his trial counsel provided constitutionally inadequate assistance by failing to properly object to all questions regarding his siblings' Muslim names and his father's Muslim faith. To succeed on this claim, Appellant must show both that his counsel provided deficient performance in failing to raise particular objections and that, but for this deficiency, there is a reasonable probability that the outcome of the trial would have been more favorable to him. See *Strickland v. Washington*, 466 U. S. 668, 687-696 (104 SC 2052, 80 LE2d 674) (1984).

Trial counsel did raise a relevance objection to the prosecutor's first question. That objection was essentially sustained and followed by a cautionary instruction by the trial court, and further questions focused on the relevant issue. The other objections Appellant contends trial counsel should have made would not have had merit, and thus counsel was not deficient in not raising those objections, nor did any prejudice result. See *Funes v. State*, 289 Ga. 793, 796 (716 SE2d 183) (2011) ("Trial counsel's decision not to pursue [these] meritless issue[s] does not constitute ineffective representation."). Accordingly, Appellant's ineffective assistance of counsel claim fails.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 6, 2012.

*Dell Jackson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Lenny I. Krick, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.