MEMORANDUM *
The district court erred by summarily dismissing Ramiro’s motion under 28 U.S.C. § 2255. Ramiro is entitled to relief if his counsel “effectively misled” him about the immigration consequences of his guilty plea and he was prejudiced by that misleading advice. See United States v. Kwan, 407 F.3d 1005, 1014-15 (9th Cir.2005), abrogated by Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). The record, far from “conclusively showing] that [Ramiro] is entitled to no relief,” 28 U.S.C. § 2255(b), actually supports his motion. Ramiro’s counsel apparently advised him that the immigration judge would ultimately decide whether to deport him, and that receiving a lower sentence might improve his chances of avoiding deportation. In fact, however, the immigration judge had no discretion in making that decision. Allegedly acting on his lawyer’s advice, Ramiro pleaded guilty to distribution of methamphetamine, which is an aggravated felony. See 8 U.S.C. § 1101(a)(43)(B). An aggravated felony conviction “prohibits the Attorney General from granting discretionary relief from removal,” Moncrieffe v. Holder, — U.S. -, 133 S.Ct. 1678, 1682, 185 L.Ed.2d 727 (2013), and Ramiro had no claim for non-discretionary relief. Thus, upon Ramiro’s guilty plea, the law mandated his deportation. Contrary to the misleading advice he appears to have received from his lawyer, Ramiro had no ability to persuade the immigration judge otherwise.
Ramiro also may well have been prejudiced by his counsel’s objectively unreasonable performance. Prejudice requires establishing that, but for counsel’s errors, there is a reasonable probability “he would not have pleaded guilty and would have insisted on going to trial.” Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Nothing in the record refutes his assertion that he would have gone to trial had he been correctly advised about the immigration consequences of his plea. To the contrary, his behavior throughout the plea proceedings demonstrates that he “placed particular emphasis” on avoiding deportation. Id. at 60, 106 S.Ct. 366. Indeed, the record reveals that Ramiro seriously contemplated spending an extra fifty-four days in prison solely to improve his (non-existent) chances of staying in the United States. Because pleading guilty only slightly reduced Ramiro’s Sentencing Guidelines range, it is not conclusively established that he would still have pleaded guilty had he known that his guilty plea would result in mandatory deportation.
Because Ramiro has adequately alleged that his counsel’s performance was both objectively unreasonable and prejudicial, and because the record does not refute but actually supports his allegations, his § 2255 motion should not have been summarily dismissed.
*460 VACATED and REMANDED.
Costs to Appellant.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.