In the Supreme Court of Georgia

Decided:   September 22, 2014

S14A0690.  ENCARNACION v. THE STATE.

THOMPSON, Chief Justice.

This case concerns the adequacy of an attorney's immigration advice to a legal permanent resident who entered a guilty plea to a burglary charge. The attorney advised his client that his plea "may" have an impact on his immigration status. However, the State concedes and we agree that the immigration consequences of the plea were clear – a conviction for burglary constitutes an aggravated felony and will almost certainly lead to deportation proceedings under the Immigration and Nationality Act ("INA"). It follows that the attorney was deficient when he incorrectly advised his client that he "may" face deportation as a result of his plea.

Petitioner entered a guilty plea to a charge of burglary in the Superior Court of Gwinnett County on August 30, 2012. He was sentenced under Georgia's First Offender Act, OCGA § 42-8-60, to six years in prison (to serve one year, suspended upon successful completion of probation boot camp) and

ordered to pay restitution and a fine. Before petitioner entered his guilty plea, appointed trial counsel advised petitioner that a guilty plea to burglary "may" impact petitioner's immigration status,[1] and that petitioner should seek the advice of an immigration attorney. He also informed petitioner that he "could" be deported even if he received first offender treatment. During the plea proceedings, the State asked if petitioner understood that his guilty plea "may have an impact" on his immigration status and that he "may be deported as a result of this plea." Petitioner responded affirmatively. Based on these facts, petitioner filed a petition for a writ of habeas corpus in the Superior Court of Gwinnett County, asserting that trial counsel was ineffective and that petitioner's plea was not knowingly and voluntarily entered. In this regard, petitioner averred, inter alia, that his attorney informed him that a burglary conviction "could" result in deportation; but that, if he completed his sentence as a first offender, he "would not have a conviction for burglary"; and that, on

[1] At that time, counsel was unaware of the fact that a noncitizen who was convicted of an aggravated felony was subject to mandatory removal. Counsel's advice to all of his noncitizen clients was that a plea or conviction for any offense "may" impact their immigration status. With regard to petitioner's case, counsel elaborated: "I told [petitioner] that it might happen, that it was up to a different court, a different judge, and a different jurisdiction. That it would not be decided here today and that I could not accurately predict what they would do in such a case, however, it was possible that he would be deported based upon the plea entered in this case."

the basis of that information, petitioner presumed he would not be deported as long as he successfully completed his first offender sentence.

The habeas court denied the petition, finding that it had "no authority to enforce federal law and/or require the federal agency responsible for enforcement to act," and that petitioner was advised "as accurately as possible regarding a negative impact on his immigration status, including, but not limited to, possible deportation." The court added: "[C]ounsel provided petitioner with consistent, accurate advice about the risk petitioner was facing. The advice and instruction provided to petitioner was neither 'mis-advice' nor insufficient or inadequate."

Petitioner filed an application for a certificate of probable cause to appeal which this Court granted, posing the following question: "Did the habeas court properly analyze the claim presented?" We answer this question negatively, reverse the habeas court, and remand with direction.

To prevail on a claim of ineffective assistance of counsel, petitioner must show both that his counsel's performance was deficient, and that the deficient performance was prejudicial to his defense. Smith v. Francis, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985) (citing Strickland v. Washington, 466 U. S. 668 (104

3

SCt 2052, 80 LE2d 674) (1984)). With regard to immigration consequences, the United States Supreme Court held, in Padilla v. Kentucky, 559 U. S. 356 (130 SCt 1473, 176 LEd2d 284) (2010), that the Sixth Amendment's guarantee of effective assistance of counsel protects a criminal defendant from erroneous advice about deportation, id. at 366, and that a defendant establishes Strickland's deficient performance prong by showing that counsel failed to accurately advise the defendant when the immigration consequences of a guilty plea "could be easily determined from reading the removal statute [8 U.S.C. § 1227]." Id. at 368-369. In that case, counsel provided his client with the false assurance that his guilty plea would not lead to his deportation. The Supreme Court acknowledged that immigration law can be "complex," and that where the law is unclear or discretionary, it may be sufficient to advise a client that he "may" face deportation. The Padilla Court emphasized, however, that where the deportation consequences of a plea are "truly clear . . . the duty to give correct advice is equally clear." Id. See also Smith v. State, 287 Ga. 391 (697 SE2d 177) (2010) (discussing significance of Padilla in case involving the withdrawal of a plea after sentencing).

Included in the INA's definition of "aggravated felony" is "a theft offense

4

(including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 USC § 1101(a)(43)(G); see Jaggernauth v. U.S. Att'y Gen., 432 F3d 1346, 1353 (11th Cir. 2005) (theft offense is aggravated felony if prison term is at least one year). Georgia's burglary statute provides that a burglary, whether in the first or second degree, constitutes a felony and imposes a sentence of longer than one year for a conviction. OCGA § 16-7-1 (b), (c). Indeed, in this case, petitioner was sentenced to a prison term of six years. Thus, it is clear that Georgia's burglary statute meets the INA's definition of "aggravated felony."

The mere fact that petitioner was given first offender treatment is of no import, because federal immigration law treats a guilty plea to an aggravated felony as a conviction even if the conviction is ultimately expunged. 8 USC § 1101 (a) (48) (A) and (B); see Moncrieffe v. Holder, __ U. S. __, __ , n.2 (133 SCt 1678, 185 LE2d 727) (2013) (although noncitizen petitioner pleaded guilty in Georgia to possession of marijuana with intent to distribute and was sentenced as a first-time offender, parties agreed petitioner's case was a "conviction" as defined by the INA). See also Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F3d 1262, 1267 (11th Cir. 2004) (upholding Board of Immigration

5

Appeals' ruling that INA's definition of "conviction" includes state convictions expunged under a rehabilitative statute); United States v. Christopher, 239 F3d 1191, 1193 (11th Cir. 2001) (theft offense is aggravated felony if "term of imprisonment is at least one year" regardless of whether sentence was suspended). Thus, by pleading guilty to burglary, petitioner was convicted of an aggravated felony even though he was given first offender treatment.

The INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable," 8 USC § 1227 (a) (2) (A) (iii), and defines "deportable" to mean that the alien is subject to mandatory, rather than discretionary, removal. 8 USC § 1227 (a). See also Al-Bareh v. Chertoff, 552 FSupp2d 794, 796 (N.D. Ill. 2008) ("An alien who is convicted of an aggravated felony is considered to be a 'deportable alien' and 'shall, upon the order of the Attorney General, be removed.'"). Thus, the applicable federal statutes make it clear that a conviction for an aggravated felony automatically triggers the removal consequence and almost always leads to deportation. See Moncrieffe v. Holder, supra. That is because, unlike convictions for lesser crimes, when a noncitizen is convicted of an aggravated felony, he is ineligible

6

for most statutory forms of discretionary relief.[2] Id. at 1682. See also Dan Kesselbrenner & Lory Rosenberg, Immigration Law and Crimes § 7:22 (2013 ed.) ("Aggravated felonies . . . disqualify the noncitizen from most waivers and forms of relief from removal, and result in greatly reduced procedural rights in detention and removal proceedings").

We recognize that, except for death and taxes, one hundred percent certainty does not exist in this world and one can always imagine exceptional circumstances in which, despite the clear mandate of 8 USC § 1227 (a), some noncitizens convicted of an aggravated felony might avoid removal. However, as we understand federal immigration law, those circumstances are exceptionally rare.

An attorney's advice as to the likelihood of deportation must be based on realistic probabilities, not fanciful possibilities. Thus, we find that where, as

---

[2] See Cesar Cuauhtemoc Garcia Hernandez, Criminal Defense After Padilla v. Kentucky, 26 Geo. Immigr. L.J. 475, 509 (2012) (discussing inapplicability of forms of removal relief in conducting a Padilla analysis). However, there is a statutory exception for someone like petitioner who has been sentenced to a prison term of at least five years for an aggravated felony: the Attorney General has no discretion to deny relief to a noncitizen who establishes eligibility under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment of Punishment (CAT), Art. 3, Dec. 10, 1984, S. Treaty Doc. No. 100-20, p. 20, 1465 U.N.T.S. 85; 8 CFR § 1208.17 (a) (2012). See Moncrieffe v. Holder, supra at fn. 1. This exception is not relevant here because there is no reason to think that Encarnacion has a viable claim for relief under this statute.

here, the law is clear that deportation is mandatory and statutory discretionary relief is unavailable, an attorney has a duty to accurately advise his client of that fact. Padilla v. Kentucky, supra. It is not enough to say "maybe" when the correct advice is "almost certainly will." Hernandez v. State, 61 So. 3d 1144, 1151 (Fla.3dDCA 1992), aff'd, 124 So. 3d 757 (Fla. 2012). See also United States v. Urias-Marrufo, 744 F3d 361, 369 (5th Cir. 2014) (because it is counsel's duty to warn noncitizen defendant of clearly defined immigration consequences, it is irrelevant that magistrate judge asked whether defendant understood there *might* be immigration consequences and that defendant and counsel discussed *possible* adverse consequences of pleading guilty); United States v. Ramiro, 548 Fed. Appx. 458 (9th Cir. 2013) (where immigration law demanded deportation, attorney misled defendant when he advised him that immigration judge would decide whether to deport him and that lower sentence might improve his chances to avoid deportation); Ebrahim v. LeConey, 2012 U.S. Dist. LEXIS 175432 (W.D.N.Y. 2012) (where alien was convicted of aggravated felony the deportation consequences were clear and counsel's advice that alien merely had a risk of being deported would not suffice under Padilla); United States v. Rodriguez, 2012 U.S. Dist. LEXIS 167131 (D.Mass. 2012) (where deportation was virtually certain consequence of guilty plea, attorney

8

rendered ineffective assistance by suggesting that plea was defendant's best chance to fight deportation).

In light of Encarnacion's conviction for an aggravated felony, defense counsel had no reason to believe there was a realistic probability that his client would escape deportation. It follows that defense counsel performed deficiently by failing to advise petitioner that he would be deported as a result of his guilty plea and petitioner met his burden of proving the first Strickland prong. We, therefore, reverse the habeas court's order to the extent it found defense counsel's performance was not deficient.

In light of the foregoing, we remand this case to the habeas court to consider the second prong of petitioner's ineffective assistance claim: whether petitioner's counsel's deficient performance prejudiced his defense. To satisfy this prong in the guilty plea context, petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Smith v. State, supra, 287 Ga. at 396 (2) (b) (citing Hill v. Lockhart, 474 U. S. 52, 59 (106 SCt 366, 88 LEd2d 203) (1985)).

Judgment reversed and case remanded with direction. All the Justices concur.