301 Ga. 21
FINAL COPY

S17A0358.  BURRELL v. THE STATE.

HUNSTEIN, Justice.

Appellant Cordado Burrell was tried and convicted of murder and related

offenses in connection with crimes he committed against Herman Upshaw and

Ruth Griffith.[1]  Burrell appeals, claiming that the evidence was insufficient to

---

[1] On July 11, 2008, a Fulton County grand jury indicted Burrell for the malice murder of Upshaw (Count 1); felony murder of Upshaw predicated on aggravated assault (Count 2); aggravated assault of Upshaw (Count 3); kidnapping of Griffith (Count 4); robbery by force of Griffith (Count 5); burglary of Upshaw's home (Count 6); theft by taking of Griffith's car (Count 7); and, the battery of Griffith (Count 8).

Following a jury trial from June 15-19, 2009, the jury found Burrell guilty of malice murder, felony murder, aggravated assault, robbery, theft by taking and battery. The State nolle prossed the kidnapping and burglary counts prior to the jury's deliberation.  On June 23, 2009, the trial court sentenced Burrell to life imprisonment for malice murder (Count 1), 20 years consecutive for robbery (Count 5), 20 years consecutive for theft (Count 7), and 12 months consecutive for battery (Count 8).  The felony murder was vacated by operation of law, and the aggravated assault charge merged into the malice murder for sentencing purposes.

Burrell moved the trial court for leave to file an out-of-time motion for new trial on February 17, 2011, which the trial court granted on February 3, 2015.  Appellant filed an amended motion for new trial on February 6, 2015, amending it once on May 28, 2015; after a hearing, the trial court denied the motion as amended on February 22, 2016.  Burrell timely filed a notice of appeal to this Court.  The appeal was docketed to the term of this Court beginning in December 2016 and was thereafter submitted for a decision on the briefs.

support his convictions, that he received ineffective assistance of counsel, that the trial court committed reversible error during trial, and that the State failed to disclose exculpatory evidence in violation of <u>Brady v. Maryland</u>.[2] Finding no error, we affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial established as follows. Burrell periodically stayed with 66-year-old Herman Upshaw at his home, as Upshaw was paralyzed and needed assistance with daily chores. On the evening of April 8, 2008, Cassandra Gear, Upshaw's neighbor, saw a young man, whom she later identified as Burrell, inside the victim's home. Upshaw was yelling at Burrell to leave his house.

Sometime thereafter, Burrell called his friends Desmond Ivery and Clifton Kilpatrick to request that they come to Upshaw's house. Upon their arrival, Ivery and Kilpatrick saw Burrell sitting on top of Upshaw, strangling him with his hands; after a period of time, Burrell stood and stepped on the victim's neck. They then observed Burrell bind Upshaw's hands with a cord and drag him into a closet. Thereafter, Burrell invited more friends over to

_____

[2] 373 U. S. 83 (83 SCt 1194, 10 LE2d 215) (1963).

Upshaw's house. The group proceeded to eat, watch television and smoke marijuana; Burrell would spray air freshener throughout the house in order to hide the smell of Upshaw's decomposing body.

On April 11, 2008, Ruth Griffith, Upshaw's 83-year-old aunt, drove to his house for her routine check-in with her nephew. Once at the house, Griffith was met by Burrell and informed that Upshaw was not at home. Griffith became concerned and, as she attempted to leave, Burrell grabbed her from behind, threw her to the floor, and struck her repeatedly. Burrell again contacted Kilpatrick and Ivery, asking them to return to Upshaw's residence, where Burrell planned to kill Griffith and bury both bodies in the back yard. Burrell bound Griffith's feet with an extension cord, placed a sock in her mouth, and dragged her into a different closet. When Kilpatrick and Ivery arrived, Burrell told them he put Griffith in a closet then proceeded to rummage through her purse, taking her photo identification, several credit cards, and approximately $150 to $200. The three men then left in Griffith's Mercedes and headed to the local bus station.

Eventually, a bloodied Griffith managed to escape and get the attention of a passerby who called 911. Officers responded and found Upshaw's home in complete disarray. They located Upshaw's body in a closet; he had a pillowcase over his head and his hands were bound in front. The Fulton County Medical Examiner found significant trauma to Upshaw's neck, and opined that his cause of death was strangulation. He further concluded that, based upon the state of decomposition, Upshaw likely died between April 9 and 10.

Law enforcement presented Griffith with a photo lineup in which she identified Burrell as her attacker. Burrell was apprehended by law enforcement in Chicago and was in possession of Griffith's cell phone.

Based on the foregoing, we find that the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Burrell was guilty of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Burrell alleges four instances of ineffective assistance of counsel, claiming that his attorney failed to: (a) object to "testimony" that, he alleges, placed his character into evidence; (b) object to the in-court identification made

by Upshaw's neighbor Cassandra Gear; (c) object to speculative testimony; and (d) file a motion to suppress Griffith's pre-trial identification. As an initial matter, we reject Burrell's argument that we presume prejudice pursuant to United States v. Cronic, 466 U. S. 648 (104 SCt 2039, 80 LE2d 657) (1984) in reviewing his claims of ineffective assistance. In order for Cronic to apply, "[t]he 'attorney's failure must be complete' and must occur throughout the proceeding and not merely at specific points." (Citation omitted.) Turpin v. Curtis, 278 Ga. 698, 699 (1) (606 SE2d 244) (2004). Burrell's allegations that his counsel was ineffective at specific points of his trial do not meet this stringent standard. We therefore evaluate these claims pursuant to the two-prong test as required in Strickland v. Washington, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). See Charleston v. State, 292 Ga. 678, 682-683 (4) (a) (743 SE2d 1) (2013).

In order to establish ineffective assistance of counsel, a defendant must show that his counsel's performance was professionally deficient and that, but for such deficient performance, there is a reasonable probability that the result of the trial would have been different. Strickland, 466 U. S. at 687. "If the

5

defendant fails to satisfy either prong of the <u>Strickland</u> test, this Court is not required to examine the other." (Citation omitted.) <u>Propst v. State</u>, 299 Ga. 557, 565 (3) (788 SE2d 484) (2016). Although the trial court failed to make any specific factual findings regarding Burrell's claims of ineffectiveness, "remand is not mandated if we can determine from the record that the defendant cannot establish ineffective assistance of counsel under the two-prong test set forth in <u>Strickland</u>." (Citation and punctuation omitted.) <u>McClendon v. State</u>, 299 Ga. 611, 613-614 (2) (791 SE2d 69) (2016). With these principles in mind, we review Burrell's alleged errors.

(a)   *Character evidence*

During opening statements, the prosecutor summarized the evidence for the jury, which included a description of the relationship between Burrell, Ivery, and Kilpatrick. Specifically, the prosecutor told the jury that he expected Kilpatrick to say, "Mr. Burrell is my friend. We used to work together. We hang out together. We party together. We used drugs together — marijuana mostly." Burrell alleges, as he did below, that counsel was ineffective for failing to object to this statement, arguing that the prosecutor's statement placed Burrell's character into evidence. We disagree.

6

Because "what is said by the attorneys in opening statements is not evidence," Zackery v. State, 286 Ga. 399, 402 (3) (688 SE2d 354) (2010), and because the prosecutor's statement was supported by the evidence, any objection would have had no merit. Indeed, trial counsel explained at the motion for new trial hearing that he did not object to the State's opening statement because he believed it would have been a meritless objection. Accordingly, Burrell has failed to establish deficient performance. See Duvall v. State, 290 Ga. 475 (2) (b) (722 SE2d 62) (2012) (trial counsel cannot be deficient for failing to lodge a meritless objection).

(b) *In-Court Identification*

Burrell next alleges that trial counsel was ineffective for failing to object to Cassandra Gear's in-court identification. Counsel recalled that Gear was Upshaw's neighbor who had seen Burrell numerous times prior to Upshaw's death; based on this, counsel explained that he did not object to her identification "because it would have been obvious that she would have been able to identify Mr. Burrell." The record clearly supports counsel's conclusion. Because lodging an objection to Gear's in-court identification would have been

meritless, see Duvall, supra, Burrell has failed to establish that his counsel acted deficiently.

(c)     *Speculative Testimony*

Burrell alleges that trial counsel was ineffective for failing to object to a law enforcement officer's speculative testimony. However, this claim was withdrawn at the motion for new trial hearing. Because Burrell failed to raise this issue at the earliest practicable moment and obtain a ruling on this claim from the trial court, it is waived.

(d)     *Motion to Suppress*

We are also not swayed by Burrell's allegation that trial counsel was ineffective for failing to file a motion to suppress Ruth Griffith's pre-trial photo lineup identification. Burrell avers now, as he did below, that because identification was his sole defense, a failure to challenge Griffith's pre-trial identification was ineffective. Yet, he concedes that trial counsel's decision not to file this motion was strategic in nature, and "[a] defendant who contends a strategic decision constitutes deficient performance[ ] must show 'that no competent attorney, under similar circumstances, would have made it.'" (Citation omitted.) Davis v. State, 290 Ga. 584, 585-586 (2) (723 SE2d 431)

(2012). Furthermore, "when trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." (Citations and punctuation omitted.) Hayes v. State, 298 Ga. 98, 106 (779 SE2d 609) (2015).

Here, after trial counsel reviewed the pre-trial identification procedures, he concluded that a motion to suppress would not have been successful and therefore, decided not to challenge the identification in a motion to suppress. Because Burrell has failed to present any evidence or compelling authority showing that a motion to suppress Griffith's pre-trial identification would have been successful, he cannot establish that counsel's strategic decision not to file the same qualifies as deficient performance. See Bradshaw v. State, 300 Ga. 1 (3) (a) (792 SE2d 672) (2016) (counsel cannot be deficient for failing to file a meritless motion).

3.    Burrell alleges that the trial court erred in admitting a hearsay statement made by "the victim" as part of the res gestae.[3] However, in making

---

[3] We note that this case was tried before the enactment of Georgia's new Evidence Code.

9

this argument, Burrell fails to specify what statement made by which victim was improperly admitted. Further, he fails to show that trial counsel objected to the alleged statement to preserve it for appellate review. "It is not this Court's job to cull the record on behalf of (Appellant) to find alleged errors[,]" Smart v. State, 299 Ga. 414, 420 (788 SE2d 442) (2016), as appellate judges "are not like pigs, hunting for truffles buried in briefs," United States v. Dunkel, 927 F2d 955, 956 (7th Cir. 1991). Accordingly, this Court need not review this issue.

4. Burrell next alleges that the State violated Brady v. Maryland and Giglio v. United States[4] by failing to disclose evidence of a plea deal with witnesses Kilpatrick and Ivery. However, the record is devoid of any evidence showing that the State offered these two witnesses a plea deal in exchange for their testimony. Indeed, Kilpatrick and Ivery provided extensive testimony on both direct and cross-examination in which they repeatedly denied receiving any deal from the State in exchange for their testimony. Consequently, this claim is meritless.

---

[4] 405 U. S. 150 (92 SCt 763, 31 LE2d 104) (1972).

5. Finally, Burrell contends that the trial court erred when it denied his motion for mistrial regarding Ruth Griffith's "emotional outburst" during her testimony. "A motion for mistrial must be promptly made as soon as the party is aware of the matter giving rise to the motion." (Citation and punctuation omitted.) Ragan v. State, 299 Ga. 828, 833 (3) (792 SE2d 342) (2016). Here, it appears Griffith became upset during her direct examination; however, trial counsel did not move for a mistrial until after he completed his cross-examination of the witness. Because counsel did not make a contemporaneous objection, this issue is not properly preserved for review. Nevertheless, "[t]he record does not contain any 'evidence that (the witness) became hysterical or made any prejudicial comments . . . . Under these circumstances, the trial court did not abuse its discretion by denying the motion for mistrial.'" (Citations omitted.) Williams v. State, 276 Ga. 384, 385 (2) (578 SE2d 858) (2003).

Judgment affirmed. All the Justices concur.

Decided April 17, 2017.

11

Murder. Fulton Superior Court. Before Judge Shoob.

Brandon Lewis, for appellant.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Lyndsey H. Rudder, Michael v. Snow, Sheila E. Gallow, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General, for appellee.