**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 27, 2017**

# In the Court of Appeals of Georgia

A17A1333. DIAZ v. THE STATE.

MCFADDEN, Presiding Judge.

Jose Soriano Diaz appeals from the denial of his motion to withdraw his guilty plea, arguing that his attorney's failure to properly advise him of the immigration consequences of the plea led him to plead guilty. Because Diaz has not demonstrated that any deficiency in counsel's performance resulted in prejudice, we affirm.

"When a criminal defendant seeks to withdraw a guilty plea on the ground of ineffective assistance of counsel, the ineffective assistance claim must be evaluated under the two-prong test set out in *Strickland v. Washington*[, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).]" *Gomez v. State*, 300 Ga. 571, 572 (797 SE2d 478) (2017) (citation and punctuation omitted). Even when the trial court fails to make specific findings on an ineffective assistance of counsel claim, "remand is not

mandated if we can determine from the record that the defendant cannot establish ineffective assistance of counsel under the two-prong test set forth in *Strickland*." *Burrell v. State*, 301 Ga. 21, 24 (2) (799 SE2d 181) (2017) (citation omitted). When reviewing a trial court's ruling on a claim of ineffective assistance of counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000). This court reviews a denial of a motion to withdraw a guilty plea for abuse of discretion. *Franklin v. State*, 291 Ga. App. 267 (1) (661 SE2d 870) (2008).

Diaz is a citizen of the Dominican Republic. On June 24, 2015, Diaz was arrested and charged with possession of a controlled substance and driving under the influence of alcohol. The case proceeded to trial, and on June 7, 2016, after jury selection had begun, Diaz entered a guilty plea to both charges. Diaz's guilty plea to possession of a controlled substance subjects him to mandatory removal from the United States. See 8 USC § 1227 (2) (B) (i).

At the plea hearing, the prosecutor informed Diaz that "regardless of what anyone else has told you about whether or not you will be deported, including your attorney or an immigration attorney, you could and I believe the law requires us to tell

2

you that you will be deported from the United States." His plea counsel then asked Diaz whether he was under an immigration hold. Diaz responded that he was, and plea counsel explained that, "One of two — one of two things is going to happen and I don't know if anyone in this room knows which of the two will happen. . . . If the judge accepts the plea, you will either in 72 hours be released to the street, because immigration hasn't come to get you, or immigration will come and get you for purposes of deportation." Diaz indicated that he understood.

On appeal, Diaz argues that although the prosecutor correctly explained the immigration consequences of his plea, plea counsel's advice about the immigration consequences amounted to deficient performance. Pretermitting whether counsel performed deficiently by failing himself to inform Diaz of the immigration consequences of the plea, Diaz has not shown prejudice. Whether a defendant can "show prejudice from the denial of his right to trial . . . [is] an inquiry that . . . demands a case-by-case examination of the totality of the evidence." *Lee v. United States*, __ U. S. __, __ (B) (137 SCt 1958, 198 LE2d 476) (2017). In the context of immigration consequences,

> a defendant who is not a United States citizen and can show that his
> lawyer did not adequately advise him of the risks of deportation

3

resulting from his guilty plea will satisfy the first prong of the *Strickland* ineffectiveness test — deficient performance. To obtain relief, however, the defendant still must establish the second *Strickland* prong — prejudice, which in the guilty plea context requires the defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Smith v. State*, 287 Ga. 391, 396 (2) (b) (697 SE2d 177) (2010) (citation omitted). Further, the defendant must "show that he was unaware of the immigration risks of the plea *from any other source* (like an immigration attorney or an ongoing immigration proceeding) in order to show that . . . trial counsel's error resulted in prejudice." Id. at 402 (3) (emphasis supplied). Diaz has not shown that he was unaware of the immigration risks from any other source. Therefore, Diaz has not shown that he was prejudiced by any plea counsel error.

Diaz relies heavily on *Encarnacion v. State*, 295 Ga. 660, 661 (763 SE2d 463) (2014), but *Encarnacion* was limited to the deficient-performance prong of *Strickland*. Our Supreme Court in *Encarnacion* concluded that plea counsel was deficient because he advised Encarnacion that his conviction "could" result in deportation, even though it was almost certain that the defendant would be deported. Id. at 660 (1). The court remanded the case for the habeas court to determine whether

4

this advice prejudiced Encarnacion. Here, we decide the case on the prejudice prong. Because the record shows that Diaz was not prejudiced by any deficiencies in counsel's performance, the trial court properly denied his motion to withdraw his guilty plea. See *State v. Martinez*, 291 Ga. 455, 457 (729 SE2d 390) (2012) ("Regardless of the prior erroneous advice from plea counsel, the trial court correctly informed [appellant] of the immigration consequences of his guilty plea, and he has therefore failed to prove that he was prejudiced by counsel's deficient performance.").

*Judgment affirmed. Branch and Bethel, JJ., concur*.