Doyle, Presiding Judge, dissenting.
Although I fully concur with Divisions 1, 2, and, 3 (a), I respectfully dissent to Division 3 (b) of the majority opinion because the evidence supports the trial court's conclusion that trial counsel was not ineffective for failing to move to suppress Thompson's statement on the basis that it was the result of an illegal arrest.
I note at the outset that this question arose in the context of Thompson's claim of ineffective assistance of counsel under Strickland v. Washington .[1] In that context,
[e]ven when the trial court fails to make specific findings on an ineffective assistance of counsel claim, remand is not mandated if we can determine from the record that the defendant cannot establish ineffective assistance of counsel under the two-prong test set forth in Strickland . When reviewing a trial court's ruling on a claim of ineffective assistance of counsel, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[2]
This is not a case in which the trial court made no specific findings at all. Instead, the trial court made the following findings, after considering the evidence and argument adduced at the pre-trial Jackson-Denno hearing, the trial, and the motion for new trial hearing: (1) Thompson had been properly advised of his Miranda[3] rights, and (2) he was in lawful custody at the time he gave his statement to law enforcement. Because there was evidence to support these findings, we must accept them, even if there is evidence to dispute them.[4]
In light of these findings, the trial court was authorized to conclude, as it did, that a motion to suppress Thompson's statement would not have been successful. Having done so, the trial court adequately addressed Thompson's claim for ineffective assistance of counsel.
I disagree that we need to remand the case for more explicit findings under the *337 Jackson-Denno framework[5] because the record is sufficient for us to determine that the trial court did not apply the wrong legal standard or burden of proof, and the trial court explicitly held that Thompson had been properly Mirandized and was lawfully in custody. Although there is evidence disputing the lawfulness of his custody, the trial court found otherwise. Because conflicts in the evidence on a motion to suppress a custodial statement are for the trial court to resolve,[6] that finding does not demonstrate that the court clearly erred as a factual matter or misapplied the law. Accordingly, remand is not required, and I would affirm the judgment of the trial court.

466 U.S. 668, 687 (III), 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

(Citations and punctuation omitted.) Diaz v. State , 343 Ga. App. 19, 806 S.E.2d 1 (2017), quoting Burrell v. State , 301 Ga. 21, 24 (2), 799 S.E.2d 181 (2017).

See Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

See Diaz , 343 Ga. App. at 19, 806 S.E.2d 1.

See, e.g., Bryant v. State , 268 Ga. 664, 666 (6), 492 S.E.2d 868 (1997), citing Berry v. State , 254 Ga. 101, 104-105 (1), n. 6, 326 S.E.2d 748 (1985).

See Gunn v. State , 342 Ga. App. 615, 622-623 (2), 804 S.E.2d 118 (2017) ("[U]nless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a Jackson v. Denno hearing will be upheld on appeal.").